

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-93,975-01

### EX PARTE TENIKA HOWARD, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 19CR-201 IN THE 349TH DISTRICT COURT FROM HOUSTON COUNTY

*Per curiam.*

## O R D E R

Applicant pleaded guilty to possession of a controlled substance PG 1 > 4G < 200G in a drug free zone and was sentenced to six years' imprisonment. Applicant did not appeal her conviction. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that her plea was involuntary because she was not informed that her conviction would be treated as a "3g" offense for purposes of parole eligibility. Applicant has alleged facts that, if true, might entitle her to relief. *Brady v. United States*, 397 U.S. 742 (1970). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art.

11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent her at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether Applicant's plea was involuntary. The trial court shall make findings stating whether Applicant's conviction is being treated as a "3g" offense for purposes of parole eligibility, and whether trial counsel told Applicant that it was a "3g" offense and explained what that meant. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claim.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: August 24, 2022
Do not publish